| | |
|---|---|
| MARCUS ANTWAN WILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 15, 2019, Marcus Antwan Wiley ("Wiley") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 57-month sentence [D.E. 276]. On October 8, 2019, the government moved to dismiss Wiley's section 2255 motion [D.E. 334] and filed a memorandum in support [D.E. 335]. On January 8, 2020, Wiley responded in opposition [D.E. 348]. As explained below, the court grants the government's motion to dismiss and dismisses Wiley's section 2255 motion.

I.

On August 23, 2018, Wiley pleaded guilty pursuant to a plea agreement to conspiracy to distribute and to possess with intent to distribute a quantity of heroin (count one), and distribution of a quantity of heroin (count seven). See [D.E. 139, 143]. On December 13, 2018, at Wiley's sentencing hearing, the court calculated Wiley's total offense level to be 21, his criminal history category to be III, and his advisory guideline range to be 46 to 57 months' imprisonment. See [D.E. 204]; [D.E. 214] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wiley to 57 months' imprisonment on each count to run concurrently. See [D.E. 213]. Wiley did not appeal.

On April 15, 2019, Wiley filed his section 2255 motion [D.E. 276]. In his section 2255 motion, Wiley attacks his 2009 conviction for (1) conspiracy to commit armed bank robbery; (2) armed bank robbery; and (3) use and carry of firearm during and in relation to a crime of violence and aiding and abetting. See [D.E. 276-1] 3. In support, Wiley cites Sessions v Dimaya, 138 S. Ct. 1204 (2018), and Johnson v. United States, 135 S. Ct. 2551 (2015). Wiley argues that his counsel in his 2018 case was ineffective by failing to challenge his 2009 conviction under 18 U.S.C. § 924(c) and the criminal history points concerning that conviction. See [D.E. 276-1] 5.

A motion to dismiss under Rule 12(b)(6) tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

2

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's

3

"reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Wiley pleaded guilty, Wiley must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59; Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citation omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Wiley alleges that his counsel in his 2018 case was ineffective by failing to attack his 2009 conviction for violating 18 U.S.C. § 924(c). Wiley's conviction under 18 U.S.C. § 924(c), however, remains valid because armed bank robbery remains a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). See, e.g., United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016). Moreover, Wiley's 2009 conviction under 18 U.S.C. § 924(c) in count three was based on his armed bank robbery conviction in count two. See United States v. Wiley, 5:09-CR-158-D [D.E. 125, 226] (E.D.N.C. 2009). Furthermore, even if the section 924(c) conviction were invalid, Wiley still would

4

have received three criminal history points for the other two felony convictions in 2009. See U.S.S.G. § 4A1.1(a). Thus, Wiley has not plausibly alleged that his counsel provided deficient performance. Cf. Premo v. Moore, 562 U.S. 115, 123–32 (2011); Glover, 531 U.S. at 201–02, 204–05; Strickland, 466 U.S. at 690–91. Alternatively, in light of this court's alternative variant sentence, Wiley has failed to plausibly allege prejudice. See, e.g., Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Bobby, 558 U.S. at 12; Strickland, 466 U.S. at 699–700. Accordingly, the claim fails.

After reviewing the claim presented in Wiley's motion, the court finds that reasonable jurists would not find the court's treatment of Wiley's claim debatable or wrong and that the claim deserves no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 334], DISMISSES Wiley's section 2255 motion [D.E. 276], and DENIES a certificate of appealability.

SO ORDERED. This 7 day of August 2020.

JAMES C. DEVER III
United States District Judge